**Anja KROENCKE, Plaintiff–Appellant,**

**v.**

**GENERAL MOTORS CORP., Chevrolet Division, the Interpublic Group of Companies, Inc. and, Campbell–Ewald Co., Defendants–Appellees.**

**No. 03–7839.**

United States Court of Appeals, Second Circuit.

May 28, 2004.

Mark D. Alexander, Axinn, Veltrop & Harkrider, LLP, New York, NY, for Appellant.

James F. Rittinger, Satterlee Stephens Burke & Burke, LLP, New York, NY, for Appellees.

Present: MINER, POOLER, Circuit

**340**

Judges, and GOLDBERG,* Judge.

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's order be **AFFIRMED.**

On July 10, 2003, the district court issued a written decision granting defendants' motion for summary judgment. Reviewing *de novo* the district court's grant of summary judgment, *see Fred Ahlert Music Corp. v. Warner/Chappell Music, Inc.,* 155 F.3d 17, 21 (2d Cir.1998), we find that the works at issue are not substantially similar. *See Langman Fabrics v. Graff Californiawear, Inc.,* 160 F.3d 106, 116 (2d Cir.1998). The total look and feel of defendants' advertisement and Kroencke's two works, the *Vogue Germany* illustration and her Seagram's couple illustration, are very different. *See Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.,* 338 F.3d 127, 133 (2d Cir.2003). Defendants' advertisement and Kroencke's *Vogue Germany* illustration are similar insofar as both include a figure of a silhouetted woman leaning forward with one arm outstretched and another arm folded upwards. Both figures are depicted with elongated head, neck and arms, exaggeratedly thin torsos, articulated hand positions, flat color schemes, and the placement of figures in undefined space. The differences, however, are more overwhelming. Unlike the four figures in defendants' advertisement, Kroencke's work shows one primary figure in the foreground, with a dramatic difference between the foreground, middle-ground and background. The female silhouette in defendants' advertisement has dread-locked hair and is wearing a wide-brimmed hat, while the figure in Kroencke's work is wearing a scarf and glasses. While Kroencke's illustration is cool toned and sparsely composed, using pale blues, grays and white, defendants' advertisement is red toned, densely composed and collage-like.

Defendants' advertisement and Kroencke's Seagram's couple illustration are equally dissimilar. The two ads are similar insofar as both illustrations feature a woman with similar facial structures and both utilize a similar color scheme of a black silhouetted figure set against a reddish background. Moreover, the hand gestures in both illustrations are articulated in a similar manner. The differences, however, between the two works are stark. For example, the posture, hair style and clothing of the central female figure in the two works are dissimilar. The composition of the two works is also quite different. While the Seagrams' couple is lounging around with cocktails, the four figures in defendants' advertisement are standing in exaggerated poses. The composition of the Seagram's couple illustration is far more sparse, subdued, off-centered, clean-lined, and with nothing in the background. By contrast, the background of defendants' advertisement is busy and contains numerous floating objects, such as a lamppost, windows, an automobile, and the Chevrolet logo.

Although defendants' advertisement and Kroencke's work may be similar in a general stylistic sense, style is only one of many considerations in analyzing substantial similarity. This style, moreover, is common in many depictions using a silhouetted format, which is exemplified by the numerous samples submitted by defendants. Finally, although certain details in

---

* The Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

Kroencke's works are similar to details in defendants' advertisement, these details are not exact copies but instead commonplace depictions. Moreover, because it had not been established that defendants actually copied Kroencke's works in designing these minor details, such as a hand gesture or a facial silhouette, our recent decision in *Mattel, Inc. v. Goldberger Doll Mnfg. Co.*, 365 F.3d 133 (2d Cir.2004) is distinguishable.

We therefore AFFIRM.